UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARY M.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

6:19-cv-327-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning August 31, 2010, due to depression, post-traumatic stress disorder (PTSD), bipolar disorder, agoraphobia, anxiety, panic attacks, mood disorder, and

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

chronic neck and back pain. Tr. 219, 242. After a hearing held on October 22, 2014, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 41, 19-36.

Plaintiff initiated an action in this Court, and the parties stipulated to a remand for further proceedings "to reevaluate the medical opinion evidence; reevaluate claimant's credibility, RFC and step five findings, as necessary; further develop the record as necessary; and issue a new decision." Order dated July 21, 2017, Case No. 16-cv-1195-BR. Tr. 955.

Upon remand, an ALJ conducted another hearing on August 14, 2018. Tr. 887. On December 5, 2018, the ALJ again determined plaintiff was not disabled. Tr. 867-80

Plaintiff contends the ALJ erred by: (1) rejecting plaintiff's subjective symptom testimony; (2) rejecting the opinion of Dr. Ruth Bichsel; and (3) rejecting "other" medical source opinion.

A.     Plaintiff's Testimony

At her first hearing, plaintiff testified her anxiety prevented her from doing her job going door-to-door as a census taker. Tr. 47. She stated by that time her anxiety made it difficult to leave her house. Tr. 59-60. During the remand hearing, plaintiff testified she experienced confusion. Tr. 894. Plaintiff also stated she took a two-year break from mental health treatment because she "did not want to go out." Tr. 896. She resumed treatment when started experiencing suicidal thoughts. Tr. 896-97. She further stated she denied suicidal thoughts to her doctor because she was having problems "telling people about such things." Tr. 897. Plaintiff also testified that her condition worsened to the point where she gets only two hours of sleep a night because of nightmares causing her to "crash" for a couple days a week. Tr. 898-99.

The ALJ rejected plaintiff's testimony stating:

> [T]he claimant has a history of substance abuse, and in contrast to her testimony that she gets confused and accidently takes her husband's medications, the record documents multiple instances of failed urine testing due to aberrant opiate use with taking illicit morphine and oxycodone, and that she has stolen narcotic pain

>medications from others, along with dependence on benzodiazepines. (Exs 19F at 55, 78, 88, 94, 96, 98, 105, 15F at 18, 19, 18F at 6, SF at 13). In further contrast, she has not reported confusion to her treating sources, and she is not noted for confusion or cognitive deficits on examination. (Exs 18F at 2, 19F at 92, 97, 116). The record documents the claimant's requests for early refills because she was overtaking her medications, as well as due to reporting her medications had been stolen.

Tr. 874.

The ALJ further noted:

>Regarding the claimant's mental health conditions, the record reflects the claimant is diagnosed with PTSD, generalized anxiety disorder, major depressive disorder, and bipolar disorder. As noted above, she has a history of stimulant dependence. She reports symptoms including suicidal ideation and panic attacks; however, the record does not reflect frequent or persistent suicidal ideation or panic attacks. (Exs 3F at 10, SF at 13, 8F at 5, 14F at 1, 30, 15F at 5, 12, 18, 18F at 5, 19F at 15, 19, 23, 28, 35, 81, 84). She has no history of psychiatric hospitalization and has not presented to the emergency department with acute symptoms.
>   The claimant does not have a significant history of psychiatric decompensations requiring hospitalizations. Overall, the record shows she has received very routine and conservative mental health treatment, including medication management and supportive therapy with a counselor. Moreover, the record documents several gaps in treatment, including about nine months of missed/cancelled/no-shows in 2011, the claimant's decision to "take a break" from mental health treatment in July 2014, and a lack of mental health therapy records from March 2016 until October 2017, with no evidence of decompensations or change in her complaints. (Exs 3F, I IF at 1-10, 14F, 15F).

Tr. 875-76.

The record supports plaintiff's experiences of both panic attacks and suicidal ideation. See, e.g., Tr. 380, 382, 384, 389, 390, 391, 393, 406, 431, 443, 471, 529, 747, 749, 1080, 1083-84, 1094, 1197, 1336, 1356 (panic attacks); Tr. 667, 669, 670, 896-98, 1238, 1245, 1247, 1251 (suicidal ideation).

Although routine and conservative treatment may generally suffice as a clear and convincing reason to reject symptom testimony, the reasoning is problematic where mental health issues are involved. A person suffering from mental health issues may not show the best judgment

Page 3 – OPINION AND ORDER

and may fail to seek treatment. "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)). Indeed, plaintiff's testimony alludes to difficulty in going outside the house due to anxiety as a reason for not seeking treatment.[2] While the substance abuse issues may serve to negate plaintiff's allegations of confusion, it is not clear from the record how such issues touch upon her allegedly debilitating anxiety. Accordingly, the ALJ erred in rejecting plaintiff's symptom testimony.

B.     Dr. Ruth Bichsel

Dr. Ruth Bichsel, Ph.D., conducted a psychiatric diagnostic evaluation on May 23, 2018. Tr. 1258. Dr. Bichsel interviewed plaintiff and administered a mental status exam. Tr. 1261-62. On July 5-6, 2018, plaintiff underwent psychological testing including the Wechsler Adult Intelligence Scale-IV, the Minnesota Multiphasic Personality Inventory-2-RF, the Beck Anxiety Inventory, the Beck Depression Inventory 2, the Yale-Brown Obsessive -Compulsive Scale, the Bipolar Spectrum Diagnostic Scale, and the Trauma Symptom Inventory. Tr. 1272-76. Dr. Bichsel also conducted another interview on August 2, 2018.

Dr. Bichsel diagnosed plaintiff with severe PTSD, severe generalized anxiety disorder, and stimulant dependence in sustained remission. Tr. 1277. Dr. Bichsel opined plaintiff has several significant clinical issues that render her unable to currently function in any work capacity. Tr. 1277.

---

[2] In addition, Dr. Ruth Bichsel opined after examination that plaintiff's "inability to gather insight into her own behaviors as well as her inability to trust others enough to share what she is feeling and thinking, further hinder treatment." Tr. 1277.

The ALJ rejected Dr. Bichsel's opinion because it was a legal conclusion, did not provide a function-by-function assessment,[3] and was based on plaintiff's inconsistent reports. The ALJ disagreed with Dr. Bichsel's diagnosis that plaintiff's stimulant abuse was in remission. Tr. 877.[4]

Again, the ALJ relies on a lack of record support for plaintiff's suicide attempts, however as noted above, there is support in the record for plaintiff's suicidal ideations. Moreover, it is not clear how the drug and alcohol issue noted by the ALJ impacted Dr. Bichsel's opinion. Dr. Bichsel was aware of the issue and it is unclear to what extent any inconsistent reporting by plaintiff regarding substance abuse might impact Dr. Bichsel's opinion.

A statement by a medical source that plaintiff is "unable to work" does not mean she is disabled. 20 C.F.R. § 404.1527(d)(1). However, a statement such as "a combination of mental and medical problems makes the likelihood of sustained full-time competitive employment unlikely," based on an assessment of objective medical evidence of an ability to sustain full-time employment does not run afoul of the regulations. Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012). Dr. Bichsel's opinion that plaintiff has several significant clinical issues that render her unable to currently function in any working capacity is based on an assessment of objective data obtained as a result of psychological testing. Accordingly, the ALJ erred in rejecting the opinion.

C.   Other Medical Source Statements

   1.   Stephanie Ward

Plaintiff has been treating with Mental Health Practitioner Stephanie Ward since December 2010. Tr. 380. Ward assessed marked limitations in multiple areas of mental functioning as well

---

[3] The Commissioner concedes that the lack of a function-by-function assessment is not a valid reason to discount the opinion.
[4] The ALJ also noted that plaintiff told Dr. Bichsel that she recently relapsed in alcohol use and is attending a 12-stop program and found that inconsistent with plaintiff's reports to another therapist that she drinks socially and that "it is not a problem." Tr. 877.

as moderate limitations in other areas. Tr. 742-44. The ALJ rejected the opinion because it was based on plaintiff's subjective complaints and because it was contradicted by her own chart notes. Tr. 876

The ALJ may discount testimony from other medical sources by giving reasons germane to each witness. See Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010). As noted above, the ALJ did not appropriately discount plaintiff's testimony and thus he failed to support this conclusion as a germane reason to reject Ward's opinion.

The Commissioner identifies two purported instances of inconsistencies with the opinion in the chart notes involving a "mostly normal" initial assessment on December 2, 2010, Tr. 383, and anxiety triggered by situational stressors. Tr. 659-60, 661, 764, 1078, 1096, 1008. However, the intake note also indicates plaintiff suffered years of anxiety including a fear of leaving the house. Tr. 380-81. Moreover, it is unclear how indications of situational stressors such as dealing with family are inconsistent with the opinion. The ALJ erred in failing to support his reasoning with support from the record.

    2.    Jam Zsiga

Mental health practitioner Jam Zsiga opined that plaintiff cannot work with the public, could not respond appropriately to supervisors, and would miss more than two days of work per month. Tr. 1265. The ALJ rejected the opinion because, among other reasons, the record includes only an initial assessment of the claimant by Zsiga in October 2017, at which time she noted normal mental status findings, and no ongoing therapy notes from Zsiga. Tr. 876. Indeed, Zsiga opines that plaintiff's limitations have only been present since April 11, 2018. Because a remand is necessary for reevaluation of the issues noted above, the record can be supplemented to address this issue as well.

D.     Remand

Plaintiff requests a remand for an immediate payment of benefits especially because the case has already been remanded once. When a court finds that the ALJ committed harmful error, the Social Security Act allows the court to modify or reverse the Commissioner's decision "'with or without remanding the case for a rehearing.'" Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g). The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." Id. at 1020. The court should determine first whether the "'ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-01 (quoting Garrison, 759 F.3d at 1020). Second, if the ALJ has erred, the court should determine whether the record has been fully developed, whether outstanding issues must be resolved before determining disability, and whether further administrative hearings would be useful. Id. at 1101. Third, if the court concludes "that no outstanding issues remain and further proceedings would not be useful," the court may "find the relevant testimony credible as a matter of law" and "determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." Id. (citations, quotation marks, and brackets omitted). The court retains discretion to remand for further proceedings if the record as a whole creates "serious doubt as to whether the claimant is, in fact, disabled." Garrison, 759 F.3d at 1021.

It is unclear that even if plaintiff's testimony were credited, it establishes disability. In addition, Dr. Bichsel's opinion is vague in that it fails to identify the actual limitations that render

plaintiff unable to currently function in any working capacity. Finally, it is unclear to what extent plaintiff's inconsistencies concerning her drug and alcohol issues may have affected Dr. Bichsel's assessment. The Court also concludes that further development of the record regarding non-medical opinion(s) would be useful. Accordingly, the case is remanded for further proceedings.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

DATED this 20th day of May, 2020.

 /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge